IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SPOTSVILLE, SPN # 01133950, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1758 |
| HOUSTON POLICE DEPARTMENT, | § § § | |
| Defendant. | § | |

**ORDER REINSTATING AND DISMISSING CASE WITH PREJUDICE**

At the time Plaintiff David Spotsville filed this civil rights case, he was a pretrial detainee awaiting trial on charges of tampering with evidence in Harris County cause number 1582829 and manufacturing with intent to deliver a controlled substance of less than a gram in Harris County cause number 1580864. On June 1, 2018, the Court abated and stayed this case pending the final disposition of Plaintiff's pending criminal charges. Docket Entry No. 3. The abatement Order provided that Plaintiff may move to reinstate this lawsuit within thirty days of the final disposition of his pending charges. Id. at 3. Plaintiff has filed three motions to reopen this case, contending that the charge in criminal cause number 1582829 was dismissed. See Docket Entry Nos. 4, 7, 8. He has also filed a motion to proceed in forma pauperis with a copy of his prisoner trust fund account statement. Docket Entry Nos. 5 & 6.

Public records show that although cause number 1580829 was dismissed, Plaintiff entered a guilty plea to cause number 1580864, delivery of a controlled substance less than one gram, and was convicted of that charge on August 20, 2018. *See* State v. Spotsville, Harris County Case No. 1580864 (232nd Jud. Dist. Ct. Harris County, Texas August 20, 2018) ("Judgment of Conviction by Court—Waiver of Jury Trial"). Because Plaintiff has obtained an adjudication of the criminal charges that were pending against him at the time this case was abated and stayed, the Court will reopen this case for the limited purpose of determining whether Heck v. Humphrey, 114 S. Ct. 2364 (1994), mandates dismissal with prejudice.

As explained in the Court's June 1, 2018 Order, the crux of Plaintiff's claim is that the HPD officers who arrested him violated his Fourth Amendment rights by conducting an unreasonable search and seizure to find the drugs that they believed he had swallowed or otherwise concealed. *See* Docket Entry Nos. 1, 3. Because Plaintiff seeks relief on the basis that he was wrongfully imprisoned and that his arrest involved officers trying to get him to spit out drugs for which he was later charged and has now been convicted, the Court must consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying charges and subsequent conviction. *See* Heck, 114 S. Ct. at 2372. If so, the claim is barred unless and until the claimant

proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." Id.

Regarding Plaintiff's claims, the Fifth Circuit has held that Heck applies where the gravamen of the plaintiff's claim would undermine the factual determination of guilt supporting his conviction. *See, e.g.*, Arnold v. Town of Slaughter, 100 F. App'x 321, 324-25 (5th Cir. 2004) (per curiam) (holding that Heck barred plaintiff's claim where he claimed that "he did nothing wrong but was viciously attacked for no reason" and therefore "squarely challenge[d] the factual determination that underlies his conviction for resisting an officer"); Daigre v. City of Waveland, 549 F. App'x 283, 286-87(5th Cir. 2013) (per curiam) (holding that plaintiff's claim was barred by Heck because her "complaint contain[ed] several statements that contradict[ed] an admission of guilt" to the charge of resisting arrest); DeLeon v. City of Corpus Christi, 488 F.3d 649, 656–57 (5th Cir. 2007) (holding that Heck applied because plaintiff's complaint maintained his complete innocence and his excessive force claim was "inseparable" from his conviction for aggravated assault on a police officer); *but see* Bush v. Strain, 513 F.3d 492, 500 (5th Cir. 2008)(holding that Heck did not apply to an excessive force claim where the plaintiff was handcuffed and no longer resisting arrest at the time the excessive

3

force occurred because "the fact findings essential to [plaintiff's] criminal conviction are not inherently at odds with" her claim for excessive force); Ballard v. Burton, 444 F.3d 391, 401 (5th Cir. 2006) (holding that plaintiff's excessive force claim was conceptually distinct from his simple assault conviction and "could easily coexist with [plaintiff's] conviction for simple assault . . . without calling into question any aspect of that conviction").

In analyzing Plaintiff's Fourth Amendment claims, it is apparent that his allegations specifically deny that he had any drugs or that he otherwise engaged in activity that would constitute probable cause for his arrest, search, and seizure. Plaintiff claims that the officers "choked me and twisted my neck, scratched my neck trying to make me spit out **something I never had**." Docket Entry No. 1 at 4 (emphasis added). This directly contradicts his plea of guilty to delivery of a controlled substance and challenges the veracity of his conviction. DeLeon, 488 F.3d at 656–57. Therefore, success on Plaintiff's claims would necessarily imply the invalidity of his conviction and sentence for delivery of a controlled substance in Harris County cause number 1580864. See Arnold, 100 F. App'x at 324-25 (holding that the Fourth Amendment claims regarding his arrest were barred by Heck because plaintiff denied any wrongdoing even though he was convicted of the crime). Plaintiff does not allege or show that

4

his conviction in cause number 1580864 has been overturned, called into question, or otherwise invalidated. Accordingly, Plaintiff's claims must be dismissed with prejudice as barred by Heck, 114 S. Ct. at 2372.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motions to Reopen (Docket Entry Nos. 4, 7, 8) are **GRANTED,** and this case is **REOPENED** for the limited purpose of determining whether Heck bars this lawsuit; it is further

**ORDERED** that all claims in this case are **DISMISSED with prejudice;** it is

**ORDERED** that Plaintiff's motion to proceed in forma pauperis (Docket Entry No. 6) is **DENIED as MOOT;** and it is

**ORDERED** that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

The Clerk will enter this Order, providing a correct copy to all parties of record.

5

SIGNED at Houston, Texas, on this 11TH day of January, 2019.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE